IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK, N.A., TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE HUMBERTO ZECENA and DOES 1 through X, Inclusive,<br><br>    Defendant. | No. C 12-1566 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND, Docket No. 10, and DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, Docket No. 3. |

This case pertains to an unlawful detainer action that was filed in San Mateo County Superior Court on January 6, 2012. On March 29, 2012, pro se Defendant Jose Humberto Zecena filed a notice of removal and submitted an application to proceed in forma pauperis. On June 15, 2012, Plaintiff moved to remand the action on the grounds that Zecena filed an untimely notice of removal and this Court lacks subject matter jurisdiction. Although Zecena's motion to proceed in forma pauperis is pending, and he has not opposed the motion to remand, Plaintiff's request for remand is well taken.

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time

before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. See id. Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly plead complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

From the Notice of Removal, it appears that Zecena sought federal jurisdiction based on federal law he intended to rely on to defend against the unlawful detainer action. Specifically, Zecena cited the Federal Fair Debt Collection Practices Act. A federal defense, however, is not part of a plaintiff's properly plead statement of his or her claim. Id. Thus, the requirements of federal question jurisdiction are not satisfied and the Court does not have subject matter jurisdiction to hear the case.[1]

---

[1] Because the Court remands this action to state court based on a lack of a federal question, it need not address Plaintiff's argument that removal was untimely.

2

1  The Court grants Plaintiff's request to remand the action to
2 state court.  The Clerk shall remand the file to San Mateo County
3 Superior Court.  Zecena's motion for leave to proceed in forma
4 pauperis is denied as moot.
5  IT IS SO ORDERED.

Dated: 7/23/2012

CLAUDIA WILKEN
United States District Judge